UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW TORO, *on behalf of himself and all others similarly situated*,

                Plaintiff,

           v.

ZERO HALLIBURTON, INC.,

                Defendant.

23-cv-2989 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Andrew Toro, a legally blind individual, brings this action against Defendant Zero Halliburton, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and related state and local law. For the reasons that follow, the Court dismisses this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

    Plaintiff initiated this action by filing a complaint on April 10, 2023, *see* Dkt. No. 1, and on April 11, 2023, electronic summons was issued as to Defendant, *see* Dkt. No. 4. On May 11, 2023, the Court ordered that within thirty days of service of the summons and complaint, the parties were to meet and confer in a good-faith attempt to settle this action. *See* Dkt. No. 5. To the extent the parties were unable to settle the case themselves, they were further ordered to submit a joint letter within fifteen additional days requesting either an initial status conference or referral to the Court-annexed Mediation Program or a magistrate judge. *See id.*

    On September 7, 2023, Plaintiff requested an extension of time to submit the joint letter. *See* Dkt. No. 9. On September 8, 2023, the Court granted Plaintiff's request and ordered that the parties submit a joint letter no later than September 21, 2023. *See* Dkt. No. 10. Having received no letter by that date, the Court ordered the parties on October 31, 2023 to submit a joint letter by November 14, 2023. *See* Dkt. No. 12. The parties did not do so. The Court again ordered the

parties on November 17, 2023 to submit a joint letter by December 1, 2023.  *See* Dkt. No. 13. Having received no response, on December 7, 2023 the Court ordered the parties once more to submit a joint letter by December 20, 2023, this time warning that "[f]ailure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." *See* Dkt. No. 14.  As of today's date, Plaintiff has not submitted a letter or otherwise communicated with the Court.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] [is] likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*  Dismissing an action "is the harshest of sanctions," and it "must be proceeded by particular procedural prerequisites," such as "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action pursuant to Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in over four months and has failed to respond to the Court's orders dated September 8, 2023, October 31, 2023, November 17, 2023, and December 7, 2023. *See* Dkt. Nos. 10, 12, 13, 14; *see also Singelton v. City of New York,* 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (finding dismissal warranted where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action under Rule 41(b) where the plaintiff "repeatedly ignored orders setting deadlines and requiring status letters" and the plaintiff's response to a court order was "almost two months overdue"). Second, Plaintiff was on notice that failure to comply would result in dismissal: the Court's orders dated October 31, 2023 and November 17, 2023 explicitly warned the parties that the action may be dismissed if they failed to submit their joint letter, *see* Dkt. Nos. 12, 13, and the Court's order dated December 7, 2023 further warned that failure to comply "will" result in dismissal, *see* Dkt. No. 14; *see also Mitchell*, 708 F.3d at 468 (finding no defect in the district court's procedural safeguards where the court's "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for over nine months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, dismissal is appropriate here.

That said, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *See Baptiste*, 768 F.3d at 216-17 (finding that the sanction of dismissal with prejudice "should be used only in extreme situations" (quoting *Mitchell*, 708 F.3d at 467)). Here, Defendant filed a letter with the Court on August 28, 2023, requesting that the Court "dismiss the Complaint without prejudice." *See* Dkt. No. 6. Further, the Court cannot conclude that

3

Defendant would suffer prejudice if this litigation were allowed to continue. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that [the] plaintiff's delay … caused any particular, or specially burdensome, prejudice to [the] defendants beyond the delay itself."). This action has also not substantially burdened the Court's docket, given that the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. The Court thus finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to [the] defendant by retaining open lawsuits with no activity" (quoting *Amoroso v. Cnty. of Suffolk*, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010))).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   January 22, 2024
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge